1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTHONY GRISSOM,                          No.  2:15-cv-1334 TLN DAD P

12                 Plaintiff,

13         v.                                    ORDER AND

14    JOHNSON & JOHNSON,                         FINDINGS AND RECOMMENDATIONS

15                 Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19    proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20                              **SCREENING REQUIREMENT**

21          The court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

23    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

24    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26    U.S.C. § 1915A(b)(1) & (2).

27          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6            Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10   However, in order to survive dismissal for failure to state a claim a complaint must contain more

11   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

12   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

13   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17           The Civil Rights Act under which this action was filed provides as follows:

18                   Every person who, under color of [state law] . . . subjects, or causes
                     to be subjected, any citizen of the United States . . . to the
19                   deprivation of any rights, privileges, or immunities secured by the
                     Constitution . . . shall be liable to the party injured in an action at
20                   law, suit in equity, or other proper proceeding for redress.

21   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26   omits to perform an act which he is legally required to do that causes the deprivation of which

27   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28   /////

2

1      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

2  their employees under a theory of respondeat superior and, therefore, when a named defendant

3  holds a supervisorial position, the causal link between him and the claimed constitutional

4  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

5  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

6  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

7  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8                      **DISCUSSION**

9      In his complaint pending before the court, plaintiff has identified Johnson & Johnson as

10  the sole defendant.  Plaintiff alleges that Johnson & Johnson distributed the psychotropic

11  medication Risperdal to state prisons.  According to plaintiff, he now suffers from gynecomastia

12  because of his ingestion of that medication.  Plaintiff claims that Johnson & Johnson has violated

13  his rights under the Eighth Amendment, Fifth Amendment, and Fourteenth Amendment and

14  requests damages.  (Compl. at 3 & 5-6.)

15      Plaintiff's complaint fails to state a cognizable claim for relief.  As an initial matter, under

16  42 U.S.C. § 1983, plaintiff has a right to be free from violations of constitutional guarantees by

17  those acting under color of state law, but plaintiff has no right to be free from infliction of such

18  harm by private actors.  See Van Ort v. Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).  In this case,

19  plaintiff has not alleged any facts to indicate that Johnson & Johnson was acting under color of

20  state law.  Moreover, even if plaintiff could somehow establish that Johnson & Johnson is a state

21  actor, plaintiff has not alleged any violation of his federal constitutional rights.  Specifically,

22  plaintiff has not alleged any facts to indicate that Johnson & Johnson was deliberately indifferent

23  to plaintiff's serious medical needs or that Johnson & Johnson was even aware of plaintiff or his

24  medical needs.  See Estelle v. Gamble, 429 U.S. 97 (1976).  At most, plaintiff has alleged that

25  Johnson & Johnson may have been negligent in distributing Risperdal to state prisons.  It is well

26  established, however, that "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

27  support [a] cause of action" under the Eighth Amendment.  Broughton v. Cutter Laboratories, 622

28  F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Where, as here, it is clear that granting plaintiff leave to amend his complaint would be futile, the court will recommend that this action be dismissed.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## OTHER MATTERS

Also pending before the court is plaintiff's motion for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In light of the findings and recommendations herein, the court does not find the required exceptional circumstances.

## CONCLUSION

IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (Doc. No. 6) is denied.

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) be denied; and

2.  This action be dismissed for failure to state a cognizable claim for relief.

1    These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3    after being served with these findings and recommendations, plaintiff may file written objections

4    with the court and serve a copy on all parties.  Such a document should be captioned

5    "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

6    failure to file objections within the specified time may waive the right to appeal the District

7    Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8    Dated:  October 8, 2015

9

10   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE
11

12   DAD:9
     gris1334.56
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28